IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. 20-cv-9:20-CV-82236

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>Plaintiff,   )<br>  )<br>v.   )<br>  )<br>EVELYN SOLOMON,   )<br>  )<br>Defendant.   )<br>_____ ) | |

## COMPLAINT

1. The United States of America brings this action to collect outstanding civil penalties assessed against Defendant Evelyn Solomon for her failure to timely report her financial interest in foreign bank accounts, as required by 31 U.S.C. § 5314 and its implementing regulations, accrued interest on such penalties, late payment penalties, and associated fees. In support, the United States alleges as follows:

### JURISDICTION AND VENUE

2. The United States brings this suit under 31 U.S.C. §§ 5321(b)(2) and 3711(g)(4)(C), at the direction of the Attorney General of the United States and at the request of, and with the authorization of, a delegate of the Secretary of the Treasury of the United States.

3. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

4. Venue is proper in this district under 28 U.S.C. § 1391(c)(1) because Evelyn Solomon is a United States citizen who resides in this district in Boca Raton, Florida.

### REGULATORY BACKGROUND REGARDING THE DUTY TO REPORT RELATIONS WITH FOREIGN FINANCIAL INSTITUTIONS

5. Section 5314(a) of Title 31 provides that the Secretary of the Treasury "shall require" a U.S. citizen or resident to file reports when he or she "makes a transaction or maintains a relation for any person with a foreign financial agency."

6. Although Congress did not define what constitutes a "relation" with a foreign financial agency, the implementing regulations make clear that "relationship" is a U.S. person's "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country." 31 C.F.R. § 1010.350(a) (2011); see also 31 C.F.R. §§103.24 (2009), 103.32 (2009).

7. A report is required for any year in which the aggregate balance for such foreign financial accounts exceeds $10,000. 31 C.F.R. § 1010.350(a) (2011); 31 C.F.R. § 1010.306(c) (2010) (replacing 31 C.F.R. § 103.27 (2009)).

8. Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for violations of the reporting requirements of Section 5314. Specifically, § 5321(a)(5)(B) provides for a penalty of up to $10,000 per violation.

9. For the 2004—2010 years at issue, the relationships were reported on Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," which was due by June 30 of the following year. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350(a), § 1010.306(c).

10. Each foreign financial account must be listed separately on the FBAR, with the limited exception for 25 or more accounts. See FBAR, Parts II, IV, available at https://www.irs.gov/pub/irs-pdf/f90221.pdf.

11. The penalty set forth under 31 U.S.C. § 5321(a)(5)(B) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

### EVELYN SOLOMON'S FAILURE TO TIMELY REPORT HER RELATIONSHIPS WITH FOREIGN FINANCIAL INSTITUTIONS

12. Evelyn Solomon was born a United States citizen and lived in the United States during the years at issue, 2004—2010.

13. ABN AMRO is a bank located in the Netherlands.

14. Bank Leumi is a bank located in Israel.

15. Clariden Leu is a bank located in Switzerland.

16. In 2004, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank accounts with the maximum balances listed in the table below:

| 2004 | | | |
|---|---|---|---|
| Bank | Account No. | Name on Account | Max. Balance |
| ABN AMRO | x0176 | Evelyn Solomon | $2,724 |
| Bank Leumi | x9636 | Ronald Hagenow | $223,363 |
| Clariden Leu | x1195 | Maurice Trust | $1,161,933 |
| Clariden Leu | x1196 | Geis Trust | $1,958,887 |

17. In 2005, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank accounts with the maximum balances listed in the table below:

| Bank | Account No. | Name on Account | Max. Balance |
|---|---|---|---|
| | | 2005 | |
| ABN AMRO | x0176 | Evelyn Solomon | $181,156 |
| Bank Leumi | x9636 | Ronald Hagenow | $319,118 |
| Clariden Leu | x1195 | Maurice Trust | $1,161,933 |
| Clariden Leu | x1196 | Geis Trust | $1,958,887 |

18. In 2006, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank accounts with the maximum balances listed in the table below:

| Bank | Account No. | Name on Account | Max. Balance |
|---|---|---|---|
| | | 2006 | |
| Clariden Leu | x7085 | Evelyn Solomon | $186,569 |
| ABN AMRO | x0176 | Evelyn Solomon | $185,460 |
| Bank Leumi | x9636 | Ronald Hagenow | $432,566 |
| Clariden Leu | x1195 | Maurice Trust | $1,051,431 |
| Clariden Leu | x1196 | Geis Trust | $1,808,897 |

19. In 2007, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank accounts with the maximum balances listed in the table below:

| Bank | Account No. | Name on Account | Max. Balance |
|---|---|---|---|
| | | 2007 | |
| Clariden Leu | x7085 | Evelyn Solomon | $209,611 |
| Bank Leumi | x9636 | Ronald Hagenow | $729,252 |
| Clariden Leu | x1195 | Maurice Trust | $1,051,431 |
| Clariden Leu | x1196 | Geis Trust | $1,741,293 |

20. In 2008, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| Bank | Account No. | Name on Account | Max. Balance |
|---|---|---|---|
| | | 2008 | |
| Bank Leumi | x9636 | Ronald Hagenow | $725,311 |

4

21. In 2009, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2009 | | | |
|---|---|---|---|
| Bank | Account No. | Name on Account | Max. Balance |
| Bank Leumi | x9636 | Ronald Hagenow | $577,227 |

22. In 2010, Evelyn Solomon had a financial interest in, or signature authority over, the foreign bank account with the maximum balance listed in the table below:

| 2010 | | | |
|---|---|---|---|
| Bank | Account No. | Name on Account | Max. Balance |
| Bank Leumi | x9636 | Ronald Hagenow | $435,015 |

## COUNT 1
### Judgment for § 5321 Penalties

23. Evelyn Solomon did not report the relationships she had with foreign financial institutions during 2004–2010, by June 30 of the respective following years.

24. On October 30, 2013, Evelyn Solomon late filed FBARs that reported her relationships with foreign financial accounts that are identified in paragraphs 16, 17, 18, 19, 20, 21, and 22.

25. On August 26, 2013, Solomon signed an agreement to extend the statute of limitation for the assessment of penalties for violations of § 5314 for the years 2004–2011 until December 31, 2015.

26. On February 10, 2017, Solomon signed an agreement to extend the statute of limitation for the assessment of penalties for violations of § 5314 for the years 2004–2011 until December 31, 2018.

27. On November 2, 2018, a delegate of the Secretary of the Treasury proposed the assessment of penalties against Solomon pursuant to 31 U.S.C. § 5321(a)(5)(A) and (B) for her non-willful failure to report her relationships with foreign financial institutions for the years 2004–2010 as follows:

| Year | Number of Relationships | Penalty |
|---|---|---|
| 2004 | 4 | $40,000 |
| 2005 | 4 | $40,000 |
| 2006 | 5 | $50,000 |
| 2007 | 4 | $40,000 |
| 2008 | 1 | $10,000 |
| 2009 | 1 | $10,000 |
| 2010 | 1 | $10,000 |
| Total | | $200,000 |

28. On November 17, 2018, Solomon signed an agreement to the assessments.

29. On December 12, 2018, a delegate of the Secretary of the Treasury assessed against Solomon the penalties described in paragraph 27.

30. A delegate of the Secretary of the Treasury gave Solomon notice and demand for payment of the subject FBAR penalty assessments for the years 2004–2010. Despite the notice and demand for payment, Solomon has failed to pay the FBAR penalties assessed against her.

31. As of November 6, 2020, Solomon owed the United States $226,657.54, in penalties assessed under 31 U.S.C. § 5321, including interest and other statutory additions that have accrued, and will continue to accrue, as provided by law.

## RELIEF REQUESTED

The United States of America requests:

A. That the Court enter judgment in favor of the United States against Evelyn Solomon for the civil penalties assessed against her for violations of 31 U.S.C. § 5314 for the years 2004 – 2010 in the amount of $226,657.54 as of November 6, 2020, plus penalties and interest that continue to accrue;

B. That the Court order any other relief that is just and proper.

Date: December 9, 2020

                RICHARD E. ZUCKERMAN
                Principal Deputy Assistant Attorney General

By: **John P. Nasta, Jr.**
      JOHN P. NASTA, JR.
      Fla. Bar No. 1004432
      Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 14198
      Washington, D.C. 20044
      Telephone:  (202) 307-6560
      Facsimile:   (202) 514-4963
      john.nasta@usdoj.gov

*Of Counsel:*
      ARIANA FAJARDO ORSHAN
      U.S. Attorney, Southern District of Florida

*Attorneys for the United States of America*

JS 44 (Rev. 06/17) FLSD Revised 06/01/2017    Case 9:20-cv-82236-AMC   Document 1-1   Entered on FLSD Docket 12/09/2020   Page 1 of 2

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Evelyn Solomon

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John P. Nasta, Jr. US Dept. of Justice-Tax Division
PO Box 14198, Washington, DC 20044   (202) 307-6560

Attorneys *(If Known)*
Joseph A. DiRuzzo, III
954-615-1676

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** |
|  |  |  | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | **FEDERAL TAX SUITS** | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other |  | ☐ 895 Freedom of Information Act |
|  |  | ☐ 550 Civil Rights | **IMMIGRATION** | ☐ 896 Arbitration |
|  |  | ☐ 555 Prison Condition | ☐ 462 Naturalization Application | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
|  |  | ☐ 560 Civil Detainee – Conditions of Confinement | ☐ 465 Other Immigration Actions | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):*  a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☒ YES ☐ NO
**JUDGE:** Not yet assigned, USA v Todd Solomon    **DOCKET NUMBER:** Filed Simultaneously

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
FBAR Penalties 31 U.S.C. 3711 and 5321

LENGTH OF TRIAL via   2   days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 226,657.54
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE: December 9, 2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #            AMOUNT            IFP            JUDGE            MAG JUDGE

JS 44   (Rev. 06/17) FLSD Revised 06/01/2017

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked. Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

**VI.** **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

**VII.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VIII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 9:20-cv-82236 |
| Evelyn Solomon | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Evelyn Solomon
7261 Valencia Drive
Boca Raton, FL 33433

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John P. Nasta, Jr.
Trial Attorney, U.S. Department of Justice
Tax Division, Civil Trial Section-Southern Region
P.O. Box 14198
Washington, DC 20044
john.nasta@usdoj.gov   202-307-6560

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 9:20-cv-82236

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: