IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

_____x
UNITED STATES OF AMERICA,                      :     case no. 9:20-cv-82236-AMC
    Plaintiff,                                             :
                                                                    :
v.                                                                :
                                                                    :
EVELYN SOLOMON,                                     :
by and through her Guardian Julia Solomon, :
    Defendant.                                         :
_____x

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM
### RE:  MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** Defendant EVELYN SOLOMON, through undersigned counsel, under Fed. R. Civ. P. 56 and Local Rule 56.1(a), files this supplemental memorandum regarding the Defendant's motion for summary judgment on the limited issue that the statute of limitations ("SOL") bars the Government's assessments for all the years at issue in this case (i.e. 2004-2010). In support thereof the Defendant states as follows.

### PROCEDURAL HISTORY

The Defendant moved for partial summary judgment (Doc. # 11) asserting two arguments, as relevant for this filing, one of which was that the SOL bared the 2004-2009 years.

The Government responded in opposition, and cross moved for summary judgment. Doc. # 19. The Government argued that the SOL was waived by the Defendant. *See id.*

The Defendant filed here response in opposition to the Government's cross motion, and replied to the Government's opposition. Doc. # 32. The Defendant argued, *inter alia,* that (A) the SOL extensions were ineffective, (B) the SOL was not waived, (C) the SOL extensions are ambiguous

and must be construed against the Government, (D) parole evidence demonstrated that the parties did not agree to revive a time barred period, (E) mutual mistake and contract recission, and (F) the Court should defer ruling until after the Defendant could complete discovery.

The parties have completed discovery, and in the course of discovery the Government disclosed that (via signed declarations, *see* Doc. ## 52-8 & 52-9) the individuals who executed the SOL extension for the Government (*see* Doc. ## 10-1 & 10-2) purportedly were:

> delegated the authority to sign the document in Delegation Order 25-13, which can be found in the Internal Revenue Manual at 1.2.2.14.13(04-11-2012). The relevant portions are at (35) – (40). A copy is attached.

Doc. # 52-8 at ¶ 4. The "attached copy" referenced can be found at Doc. # 52-15.

On September 2, 2021, the Defendant deposed the Fed. R. Civ. P. 30(b)(6) representative of the Government. The 30(b)(6) witness confirmed that the authority to sign/execute the FBAR SOL extensions came from "Steven T. Miller, Deputy Commissioner for Services & Enforcement." Tr. 63:4-7.

## SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

To the extent necessary, the Defendant incorporates by reference her Supplemental Statement of Material Facts ("SOF") (including exhibit thereto), per Local Rule 56.1.

## ARGUMENT

I. **SUMMARY JUDGMENT IN THE DEFENDANTS' FAVOR IS REQUIRED (FOR ALL YEARS) BECAUSE THE GOVERNMENT'S ASSESSMENTS ARE TIME BARRED**

The Government's assessments rest on the purported validity of the SOL extensions (*see* Doc. ## 10-1 & 10-2) for all years at issue (i.e. 2004-2010). The SOL extensions are only valid if the individuals who signed the respective extension for the Government had the authority to do so. It is black letter law that a government official(s) must stay "within the bounds of [his/her/their]

authority." *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947). Thus, apparent authority is not sufficient; an agent must have actual authority to bind the government." *Winter v. Cath–dr/Balti Joint Venture*, 497 F.3d 1339, 1344 (Fed. Cir. 2007).

As discussed below the individuals executing the SOL extensions on the part of the Government did not such authority.

As Delegation Order 25-13 (*see* Doc. # 52-15) demonstrates, the authority to "sign agreements extending the period of limitations on assessment or collection of civil FBAR penalties" was delegated to specific individuals. The claimed "sources of authority" are:

> Memorandum of Agreement and Delegation of Authority for Enforcement of FBAR Requirements between Financial Crimes Enforcement Network and Internal Revenue Service; Treasury Order 180-01; Treasury Directives 15-41 and 34-02; 31 USC 5314, 31 USC 5321; 31 CFR 1010.350, 31 CFR 1010.306, 31 CFR 1010.420 and 31 CFR 1010.820 and Chapter X, Subparts G and I; 31 CFR Parts 5 and 900 through 904.

Doc. # 52-15 at ¶ 38.

The Memorandum of Agreement and Delegation of Authority for Enforcement of FBAR Requirements between Financial Crimes Enforcement Network and Internal Revenue Service (attached hereto as Exhibit 1) reflects that FINCen delegated 31 C.F.R. part 103 to the Commissioner of the IRS.[1]

---

[1] "On March 1, 2011, FinCEN transferred its regulations from 31 CFR Part 103 to 31 CFR Chapter X as part of an ongoing effort to increase the efficiency and effectiveness of its regulatory oversight. 31 CFR Chapter X is organized by generally applicable regulations and by industry-specific regulations. There have been no substantive changes made to the underlying regulations as a result of this transfer and reorganization. Please note that documents published prior to March 1, 2011 will continue to contain citations to 31 CFR Part 103. Documents published on or after March 1, 2011 will contain citations to 31 CFR Chapter X. To assist with this transition, FinCEN has created a 31 CFR Chapter X general cross-reference index." https://www.fincen.gov/resources/statutes-regulations/chapter-x (last accessed Oct. 12, 2021).

Treasury Order 180-01 (March 24, 2003) (attached hereto as Exhibit 2) indicates that "[t]he Director of FinCEN may redelegate any authority vested under this Order to an officer or employee of the Treasury Department, including its bureaus." Treasury Order 180-01 at ¶ 7(a).

Treasury Directive 15-41 (attached hereto as Exhibit 3) indicates that the Commissioner of the IRS has been delegated: "(6) investigate possible violations of the regulations with respect to violations of 31 CFR 103.24 and 103.32, the regulations on reporting and recordkeeping on foreign bank accounts[.]" Treas. Directive 15-41 at ¶ 1(a)(6). And that "the Commissioner may redelegate this authority." Treas. Directive 15-41 at ¶ 2.

Treas. Directive 34-02 (attached hereto as Exhibit 4) has nothing to do with FBARs, and the prior directive (dated May 25, 1993) seems to have nothing to do with FBARs as well.

31 U.S.C. § 5314 makes no mention of delegations. 31 U.S.C. § 5321 provides for delegations, but only to "banking agencies." *See* 31 U.S.C. § 5321(e) ("[d]elegation of assessment authority to banking agencies"). And none the Title 31 regulations mentioned in the Delegation Order (*see* 31 C.F.R. § 1010.350, 31 C.F.R. § 1010.306, 31 C.F.R. § 1010.420, 31 C.F.R. § 1010.820 and Chapter X, Subparts G (31 C.F.R. §§ 1010.710-1010.717) and I (31 C.F.R. §§ 1010.911-1010.917); 31 C.F.R. Parts 5 (31 C.F.R. §§ 5.1-5.21) and 900 through 904 (31 C.F.R. §§ 900.1-904.4) address delegations from the Commissioner to anyone for purposes of extending the SOL.

Accordingly, because FINCen delegated to the Commissioner of the IRS, and the IRS Commissioner could potentially redelegate, Delegation Order 25-13 would need to expressly include/describe how the IRS Commissioner delegated his authority to "Steven T. Miller, Deputy Commissioner for Services and Enforcement". Absent such information Delegation Order is void

ab initio and the individuals who attempted to act upon the purported delegation lacked the authority to do so.

*In the alternative*, before Mr. Miller could redelegate to an LB&I team manager there would need to be a document indicating that the IRS Commissioner delegated his authority to the Deputy Commissioner for Services and Enforcement, and that delegation was expressly authorized to be redelegated. Absent such a document, Delegation Order is void ab initio and the individuals who attempted to act upon the purported delegation lacked the authority to do so.

At bottom, there is nothing demonstrating that the IRS Commissioner delegated his authority to the Deputy Commissioner for Services and Enforcement, and that delegation was expressly authorized to be redelegated. Absent such a showing, Delegation Order 25-13 is a legal nullity and neither Daniel Itchue nor Steven Levine had the authority to execute the SOL extensions. *See Fed. Crop Ins. Corp., supra; Winter, supra.*

## CONCLUSION

Summary judgment is appropriate on the statute of limitations as there are no material facts in dispute as the SOL extension are a legal nullity.

**WHEREFORE**, as there are no material facts in dispute, the Court should enter summary judgment in the Defendant's favor and order that the Plaintiff take nothing.

//

//

//

//

//

Respectfully submitted,

/s/ Joseph A. DiRuzzo, III                Oct. 26, 2021
_____
Joseph A. DiRuzzo, III
Fla. Bar No. 0619175
DiRuzzo & Company
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
jd@diruzzolaw.com


/s/ Daniel M. Lader
_____
Daniel M. Lader
Fla. Bar No. 1004963
DiRuzzo & Company
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
dl@diruzzolaw.com


### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on Oct. 26, 2021, a true and correct copy of the foregoing has been filed via ECF and that a NEF will be provided to counsel of record.

/s/ Joseph A. DiRuzzo, III
_____
Joseph A. DiRuzzo, III