UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82236-CIV-CANNON/Reinhart

**UNITED STATES**,

    Plaintiff,
v.

**EVELYN SOLOMON**,
by and through her Guardian Julia Solomon

    Defendant.
_____/

### ORDER DENYING MOTION FOR LEAVE

**THIS CAUSE** comes before the Court upon Defendant Evelyn Solomon's Motion for Leave to File a Supplemental Memo in Support of Defendant's Motion for Summary Judgment (the "Motion for Leave") [ECF No. 61] and Supplemental Memorandum Regarding Motion for Summary Judgment (the "Supplemental Memo") [ECF No. 63].

Pursuant to Local Rule 7.1, the Supplemental Memo, filed as a separate docket entry without leave of Court, is procedurally improper. *See* S.D. Fla. L.R. 7.1(c)(2) ("Filing and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court."); S.D. Fla. L.R. 7.1(c)(1) ("No further or additional memoranda of law shall be filed or served without prior leave of Court.").

In the Motion for Leave, Defendant seeks permission to file a supplemental motion for summary judgment and statement of material facts [ECF No. 61]. By way of background, the Government filed its Complaint in this case on December 9, 2020, seeking to collect $200,000 in civil penalties (plus interest) against Defendant for violations of 31 U.S.C. § 5314 [ECF No. 1]. In the absence of any disputed questions of fact, Defendant quickly moved for partial summary

1

judgment on two dispositive issues [ECF No. 11]—first, that the penalties imposed against her were barred almost entirely by the six-year limitations period in 31 U.S.C. § 5321, and second, that any such penalties were capped at $70,000, not the $200,000 sought by the Government. The Government then filed a combined Opposition to Defendant's Motion for Partial Summary Judgment and Cross Motion for Partial Summary Judgment on both the limitations and calculation issues [ECF No. 19]. On October 27, 2021, the Court entered a ruling granting summary judgment in favor of the Government on those motions [ECF No. 64].

Now, nearly nine months after Defendant elected to seek summary judgment, Defendant seeks leave to file a supplemental motion for summary judgment and statement of material facts [ECF No. 61; ECF No. 63]. As explained in the Supplemental Memo, Defendant seeks to raise an entirely new theory—namely, that all of the penalties assessed against her by the IRS are void because the IRS supervisory agents who signed the consent forms extending the time to assess civil penalties [ECF No. 10-1; ECF No. 10-2] were delegated the authority to do so via an IRS Delegation Order 25-13 [ECF No. 52-15] that Defendant believes is legally invalid.[1] Defendant's Motion for Leave does not explain why the Court should entertain this novel argument at this stage, stating only that Defendant moves for leave "in an abundance of caution," citing possible page limit concerns [ECF No. 61]. Defendant does, in the Supplemental Memo, attempt to justify the need to raise this argument now by suggesting that, in her earlier motion for partial summary judgment, she asked the Court to defer ruling so that she could seek testimony from her former

---

[1] Specifically, according to Defendant, the IRS Deputy Commissioner for Services and Enforcement (Steven T. Miller) who signed IRS Delegation Order 25-13 delegating authority to execute limitations agreements to supervisory agents (like the agents who executed the forms in this case) did not have the authority to delegate that authority without proof that the IRS Commissioner himself explicitly authorized the IRS Deputy Commissioner for Services and Enforcement (Steven T. Miller) to re-delegate such authority [ECF No. 63 pp. 2–5].

attorney regarding the parties' intent with respect to waiving a limitations defense [ECF No. 32 pp. 13–15 ("The Defendant submits that Mr. Hicks['s] testimony will demonstrate that when Hicks interacted with the IRS . . . the intent of the parties was only to extend time periods that were not barred.")]. Yet, as noted, nothing in Defendant's prior motion for summary judgment hinted or otherwise suggested any factual or legal issue with respect to the lawfulness of the IRS's delegation to agents for purposes of executing statute of limitations extensions.

A district court has discretion to adopt local rules which "have the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (internal quotation marks omitted). The Local Rules for the United States District Court for the Southern District of Florida restrict multiple motions for summary judgment for good reason—to conserve judicial and party resources by preventing piecemeal filings and repeated motions. *See William Island Synagogue, Inc. v. City of Aventura*, No. 04-20257-CIV-BENAGES, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004) ("The bar imposed by the local rules, in part, protects the party opposing summary judgment and conserves judicial resources by preventing Plaintiff from filing a second (or third or fourth) motion for partial summary judgment."). A court may grant leave for additional briefing on summary judgment, but only for "good cause" under Rule 6(b) of the Federal Rules of Civil Procedure. *See Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987).

Defendant has not shown "good cause" to permit additional summary judgment briefing at this stage. Defendant made the decision early to seek summary judgment on two dispositive issues. That prompted full briefing on Defendant's motion, followed by a cross-motion by the Government on the same dispositive issues, a Court hearing on those motions, and ultimately a Court ruling resolving all of those issues in a lengthy order filed on October 27, 2021 [ECF No. 60]. Never during this period did Defendant raise a challenge to the legality of the delegation to

CASE NO. 20-82236-CIV-CANNON/Reinhart

the IRS supervisory agents who signed the consent forms extending the limitations period for imposition of penalties. And, although Defendant did ask the Court to defer ruling on the Government's summary judgment motion so she could seek discovery on whether she intended to waive already-expired limitations periods, that had nothing to do with what she argues now concerning the legal effect (or non-effect) of IRS delegation procedures. For these reasons, Defendant's attempt to inject an entirely new legal and factual issue into this case at this stage is rejected.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Leave [ECF No. 61] is **DENIED**.

2. Defendant's Supplemental Memo [ECF No. 63], filed as a separate docket entry without leave of Court, is **STRICKEN AS NONCOMPLIANT WITH THE LOCAL RULES.**

3. The Government's Motion for Clarification [ECF No. 65] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st of November 2021.

                                                          AILEEN M. CANNON
                                                          UNITED STATES DISTRICT JUDGE

cc: counsel of record