IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No. 20-cv-9:20-82236-CIV-CANNON/REINHART

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EVELYN SOLOMON, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION TO VACATE JUDGMENT**

The United States moves the Court to vacate the judgment entered against Defendant Evelyn Solomon because unresolved issues must be decided before judgment can be entered. The defendant was not given the opportunity to present evidence to support or disprove all the affirmative defenses she asserted in her answer. The United States fears this is reversible error, which will result in a remand from the Eleventh Circuit if it is not rectified beforehand. The United States requests that the parties be allowed one week to file summary judgment motions on the remaining affirmative defenses, with responsive briefing following the schedule in the local rules.

**MEMORANDUM OF LAW**

**Jurisdiction**

A motion to vacate a judgment under Rule 60 must be filed within a reasonable time after entry of the judgment. Fed. R. Civ. P. 60(c)(1). The Court entered judgment on

1

November 1, 2021. ECF No. 67. Fewer than two weeks have passed. As a result, this motion is timely. Although Solomon filed a notice of appeal on November 2, 2021 (ECF No. 68), this Court has jurisdiction, and the appeal is suspended until this Court resolves this motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv) ("If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered"); *see also Patterson v. Anderson*, 586 Fed. Appx. 657, 663 (6th Cir. 2014) ("[W]hen a party has filed a timely motion to alter or amend a judgment after a notice of appeal has been filed, the district court still retains jurisdiction to consider the motion.") (quoting authority omitted).

## Procedural History

The United States filed its complaint alleging that Solomon owes the United States for penalties asserted under 31 U.S.C. § 5321. ECF No. 1. Solomon filed her answer on February 1, 2021, and in it asserted five affirmative defenses. ECF No. 9. On the same day, Solomon moved for partial summary judgment on her 1st and 4th affirmative defenses: statute of limitations and proper calculation of the FBAR penalty. ECF No. 11. The United States responded to Solomon's motion and cross moved for summary judgment on the same two issues. ECF No. 18. Solomon filed a response on March 16, 2021. ECF No. 32. Briefing on these two issues concluded on March 23, 2021,

when the United States replied. ECF No. 37. The Court heard oral argument on the motions on May 5, 2021.

While the parties were briefing the motions for partial summary judgment, the Court entered a scheduling order that set a discovery deadline of August 10, 2021, and a pretrial motion deadline of September 24, 2021. ECF No. 24. On Solomon's unopposed motion at ECF No. 58, the Court reset the discovery deadline to September 15, 2021, and the summary judgment motion deadline to November 1, 2021. ECF No. 60.

On October 27, 2021, the Court issued a decision on the motions for partial summary judgment. ECF No. 64. The Court entered final judgment on November 1, 2021, which was the deadline for the parties to move for summary judgment. See ECF Nos. 60 and 67.

**Argument**

A court may vacate a judgment under Rule 59(e) or Rule 60(b) when there is a "need to correct clear error or manifest injustice." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997); *Scheck v. Burger King Corp.*, 798 F. Supp. 692, 693 (S.D. Fla. 1992). Here, there is clear error because the parties were not given notice, as required by Rule 56, to produce all their evidence before the Court decided summary judgment. *See* Fed R. Civ. P. 56(f)(3); *Massey v. Cong. Life Ins. Co.*, 116 F.3d 1414, 1417 (11th Cir. 1997). The result is that Solomon was not given an opportunity to present evidence on all her affirmative defenses. The parties only briefed the two that Solomon presented in her motion for partial summary judgment.

To be clear, the United States' position is that the Court was correct to deny Solomon's request to file an untimely brief on the statute of limitations issue. See ECF Nos. 61, 62, 63, and 66. Indeed, there is no question that the parties had the chance to fully brief Solomon's first and fourth affirmative defenses. The Court need not hear arguments "which could, and should, have been made previously." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) quoting *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). Still, the Court's favorable decision on those issues is not enough to grant summary judgment for the United States. Solomon has not presented evidence or argument on her remaining affirmative defenses. Nor was she given the notice required under Rule 56. Fed. R. Civ. P. 56(f).

The United States is confident that it can prove its case in a complete motion for summary judgment. And it is prepared to file one in short order. Indeed, Solomon should also be prepared because the deadline to do so was the same day that the Court entered the final judgment. See ECF Nos. 60 and 67.

## CONCLUSION AND RELIEF REQUESTED

The United States asks the Court to vacate the judgment at ECF No. 67 and to establish a briefing schedule for the parties to present their motions for summary judgment addressing Solomon's second, third, and fifth affirmative defenses. See ECF No. 9 at 4–5. The Court should not allow further argument on Solomon's first and fourth affirmative defenses because those matters have been fully briefed and decided by the Court. The United States requests that the parties be allowed one week to file

summary judgment motions on the remaining affirmative defenses, with responsive briefing following the schedule in the local rules.

## CERTIFICATION OF CONFERRAL OF COUNSEL

Counsel for the parties conferred via email. Solomon objects to the relief sought.

Date: November 9, 2021

        DAVID A. HUBBERT
        Acting Assistant Attorney General

By:  **John P. Nasta, Jr.**
     JOHN P. NASTA, JR.
     Fla. Bar No. 1004432
     Attorney, Tax Division
     U.S. Department of Justice
     P.O. Box 14198
     Washington, D.C. 20044
     Telephone:   (202) 307-6560
     Facsimile:    (202) 514-4963
     john.nasta@usdoj.gov

*Of Counsel:*
     JUAN ANTONIO GONZALEZ
     U.S. Attorney, Southern District of Florida

*Attorneys for the United States of America*