UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 20-82236-CIV-CANNON/Reinhart

**UNITED STATES,**

    Plaintiff,

v.

**EVELYN SOLOMON**
by and through her Guardian Julia Solomon**,**

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO VACATE FINAL JUDGMENT AND DIRECTING CLERK TO REOPEN CASE

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Vacate Final Judgment (the "Motion") [ECF No. 72], filed on November 9, 2021. The Court has reviewed the Motion and is fully advised in the premises.

As Plaintiff notes in its Motion, the Court entered Final Judgment in this case notwithstanding the presence of unresolved affirmative defenses in Defendant's answer [ECF No. 9; ECF No. 67 (Final Judgment)]. The Final Judgment was therefore prematurely and erroneously entered, *see* Fed. R. Civ. P. 56(f)(3), and Defendant since has filed a Notice of Appeal of that Judgment [ECF No. 68].

The question now is whether this Court, despite Defendant's pending notice of appeal, has jurisdiction to grant Plaintiff's Motion to Vacate the Final Judgment, which Plaintiff filed eight days after the Final Judgment was entered. The Court determines that it has jurisdiction to do so pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(i). Fed. R. App. P. 4(a)(4)(B)(i). That rule provides, in pertinent part, that a notice of appeal "becomes effective to appeal a judgment or order . . . when the order disposing of the last remaining [motion specified under Rule 4(a)(4)(A)]

1

CASE NO. 20-82236-CIV-CANNON/Reinhart

is entered," Fed. R. App. P. 4(a)(4)(B)(i), and one of the specified motions in Rule 4(a)(4)(A) is the type of motion we have here—i.e., a "motion for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). By operation of Appellate Rule 4(a)(4)(B)(i), therefore, Plaintiff's Rule 60 motion suspends the Notice of Appeal such that this Court retains jurisdiction to resolve Plaintiff's pending Rule 60 motion.

The Court is mindful of the Eleventh Circuit's decision in *Mahone v. Ray*, 326 F.3d 1176 (11th Cir. 2003), but finds it not to preclude the exercise of jurisdiction in this instance. In *Mahone*, the Eleventh Circuit concluded, in a case where plaintiff filed a Rule 60 motion five months after final judgment, that "following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion." 326 F.3d at 1180. *Mahone* relied on *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), which itself relied on a prior version of Appellate Rule 4. *See Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 745–46 (11th Cir. 2014) ("*Griggs* was based on the language of an old version of Federal Rule of Appellate Procedure 4, which provided that a notice of appeal filed during the pendency of a [post-judgment motion] would have no effect. In 1993, Rule 4(a) was specifically amended in response to *Griggs* and now provides that a notice of appeal filed during the pendency of a [post-judgment motion] is simply suspended.").

In this case, as noted, the Government filed its Rule 60 motion before the 28-day period provided in Appellate Rule 4(a)(4)(B)(i); the text of that rule specifically provides that a notice of appeal "becomes effective to appeal a judgment" when the court resolves such a Rule 60 motion, Fed. R. App. P. 4(a)(4)(B)(i); and hence this Court retains jurisdiction to dispose of Plaintiff's early Rule 60 motion. This resolution is supported by the advisory committee note to the indicative ruling procedure codified in Rule 62.1 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 62.1. That rule applies when a district court lacks authority to rule on a post-judgment motion

2

CASE NO. 20-82236-CIV-CANNON/Reinhart

because of a pending appeal, and it permits a district court in that position either to defer consideration of the motion, to deny the motion, or to indicate to the Court of Appeals that it would grant such a motion were the matter remanded back to district court. *Id.* As relevant here, the commentary to Rule 62.1 clarifies the scenario in this case, observing that a district court has authority, despite a pending appeal, to grant one of the specified motions listed in Appellate Rule 4(a)(4) without invoking the indicative ruling procedure in Rule 62.1. *See* Rule 62.1 advisory committee's note to 2009 adoption ("Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure.").

For these reasons, the Court has jurisdiction to grant Plaintiff's Motion to Vacate Judgment.[1]

**CONCLUSION**

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Vacate Judgment [ECF No. 72] is **GRANTED**.
2. The Judgment entered in favor of Plaintiff against Defendant Evelyn Solomon [ECF No. 67] is hereby **VACATED**.
3. The Clerk shall **REOPEN** this case.
4. The parties shall file any motions for summary judgment addressing Defendant's second, third, and fifth affirmative defenses [ECF No. 9 pp. 4–5] on or before

---

[1] In the event there were any doubt as to the Court's exercise of jurisdiction to grant this Motion, the Court hereby states that it would grant the motion if a remand were necessary. Fed. R. Civ. P. 62.1(a)(3).

3

CASE NO. 20-82236-CIV-CANNON/Reinhart

**November 29, 2021**. The parties shall file responses in opposition to the motions for summary judgment on or before **December 6, 2021**. The parties shall file replies supporting the motions for summary judgment on or before **December 13, 2021**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of November 2021.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record